UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN LESTER KAZI,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC.,<br><br>Defendant. | CASE No: 2:22-cv-01294-JAD-EJY<br><br>**AMENDED ORDER**<br><br>and<br><br>**REPORT and RECOMMENDATION**<br>Re ECF No. 1-2 |

Pending before the court are Plaintiff Sean Kazi's complaint and application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-2. Plaintiff's IFP application is complete and is granted below. I recommend dismissing the complaint because Plaintiff fails to plead facts necessary to establish jurisdiction and fails to state a claim upon which relief may be granted. I also recommend giving Plaintiff one opportunity to amend.[1]

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[1] This Amended Order corrects typographical errors. No substantive changes to the Court's decisions were made.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts may raise the question of subject matter jurisdiction *sua sponte*, and the district court must dismiss a case when it lacks such jurisdiction. Fed. R. Civ. P. 12(h)(3). The U.S. district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff states he files in the federal court based on diversity jurisdiction. Plaintiff indicates he lives in Las Vegas, but he does not identify Defendant's state of incorporation or the principle place of business. While Plaintiff may be entitled to plead Defendant is a citizen of a different state based upon information and belief, he does not do so. Thus, Plaintiff fails to plead the information necessary to establish diversity jurisdiction. *Smith v. McCullough,* 270 U.S. 456, 459, (1926) ("a plaintiff ... must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction"); *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2013) (establishing leave to amend to cure a defect in pleading diversity jurisdiction, which may initially be alleged on information and belief). Thus, I recommend Plaintiff be given the opportunity to amend his complaint so that he may plead the facts necessary to establish facial diversity jurisdiction.

However, the failure to plead diversity jurisdiction is not Plaintiff's only problem. His complaint also fails to state a claim for relief. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

Plaintiff's allegations fail to identify a cause of action and, while his allegations are sufficiently understood, I cannot discern what claim or claims it is Plaintiff seeks to assert against Defendant. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiffs must still present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). Plaintiff's complaint says Playboy did him wrong, but fails to put Playboy on notice of the claims against it as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). The allegations are akin to a stream of consciousness that do not describe a legal harm recognized by the federal courts whether under state or federal law.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in formal pauperis* (ECF No. 1) is GRANTED.

**III.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1-2) be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** opportunity to amend his complaint to allege the information necessary to establish diversity jurisdiction as well as to cure the failure to plead an identifiable claim against Defendant.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-2) no longer serves any function in this case. The judge screening the amended complaint cannot refer to the original complaint or any allegation therein when determining if Plaintiff sufficiently states a claim in his amended complaint. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The judge cannot refer to a prior pleading or other documents to find Plaintiff's amended complaint complete.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, the amended complaint be filed no later than **September 30, 2022**.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with the terms of these Recommendations Plaintiff's action be dismissed in its entirety, but without prejudice.

Dated this 18th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE