**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sean Lester Kazi, | Case No.: 2:22-cv-01294-JAD-EJY |
| Plaintiff | |
| v. | **Order Overruling Objections, Adopting Report and Recommendation, and Dismissing Case** |
| Playboy Enterprises International, Inc., | |
| Defendant | [ECF Nos. 10, 11] |

Pro se plaintiff Sean L. Kazi sues Playboy Enterprises International, Inc., alleging that it caused him "psychological stress" by marketing pornography featuring minors to him.[1] After an initial screening, I dismissed this case for lack of federal jurisdiction and for failure to state a claim but did so without prejudice to Kazi's ability to cure those deficiencies in an amended complaint.[2] The magistrate judge has reviewed Kazi's amended complaint under 28 U.S.C. § 1915(e)(2), concluded that both deficiencies remain, and recommends that this case be dismissed with prejudice.[3] She found that, though Kazi's failure to establish subject-matter jurisdiction may be cured,[4] he cannot state a claim for which relief could be granted under these circumstances.[5]

Kazi objects, arguing that the court has diversity jurisdiction and that his allegations that Playboy "wrongfully targeted . . . mentally ill" and "immature readers" state a claim for

---

[1] ECF No. 8 at ¶¶ 3, 9.
[2] ECF No. 2 at 2.
[3] ECF No. 10 at 4.
[4] *Id.* at 2.
[5] *Id.* at 3–4.

intentional infliction of emotional distress and consumer fraud.[6] On de novo review, I, too, find that Kazi's complaint states no viable cause of action and that further opportunity for amendment will not improve Kazi's chances of doing so here. So I adopt the magistrate judge's recommendation, overrule Kazi's objections, and dismiss this case with prejudice.

## Discussion

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must review de novo the challenged findings and recommendations.[7] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[8]

Kazi objects to the magistrate judge's recommendation to dismiss this case because he still fails to state a claim for intentional infliction of emotional distress.[9] The magistrate judge reasoned that Kazi's "allegations . . . fail to identify any extreme or outrageous conduct" or "harm that was the reasonably foreseeable consequence of [Playboy's] actions."[10] Kazi contends that a "jury could identify extreme or outrageous conduct" after seeing his amended complaint and that he identifies himself as a "victim" of Playboy's scheme to target "mentally ill" and "immature" consumers.[11] Kazi also contends that his "psychological stress" resulted from

---

[6] ECF No. 11 at 1.

[7] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b).

[8] 28 U.S.C. § 636(b)(1)(C). Kazi also objects to the magistrate judge's conclusion that this court lacks subject-matter jurisdiction because the allegations do not show diversity of citizenship. I find that Kazi could plead sufficient facts to allow this court to exercise jurisdiction over this matter. But his inability to state a colorable claim for relief requires dismissal nevertheless.

[9] ECF No. 11 at ¶¶ 2–3.

[10] ECF No. 10 at 3.

[11] ECF No. 11 at ¶¶ 2–3.

Playboy's attempt to "persuasively lower the moral standards of the audience."[12] But nothing in his complaint or objections plausibly shows the type of extreme and outrageous conduct necessary to make out a claim for intentional infliction of emotional distress under Nevada law.[13] Nor does Kazi plausibly allege that Playboy's conduct caused his emotional distress.[14] So I adopt the magistrate judge's recommendation as to that claim.[15]

Kazi also faults the magistrate judge's failure to address a claim for consumer fraud.[16] But Kazi's amended complaint does not explicitly allege consumer fraud. And, although pleadings from pro se litigants are liberally construed,[17] he alleges no facts to support such a claim. In Nevada, the heart of consumer fraud is a misrepresentation.[18] But Kazi's complaint is devoid of any facts from which to plausibly infer that Playboy misrepresented anything to him through distribution of its magazine. So I find his consumer-fraud objection meritless, and I overrule it.[19]

---

[12] *Id.* at ¶ 3.

[13] *See Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000) (noting that a plaintiff must allege extreme and outrageous conduct to state a claim for intentional infliction of emotional distress).

[14] *See id.* (noting that causation is an element of intentional infliction of emotional distress).

[15] The magistrate judge also evaluated whether Kazi's complaint states claims for obscenity or mail fraud and concluded that it does not. ECF No. 10 at 2–3. Kazi does not appear to object to those portions of the magistrate judge's report and recommendation, and I adopt the report as to those claims without further analysis.

[16] ECF No. 11 at ¶ 4.

[17] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[18] Nev. Rev. Stat. § 41.600 (2022). The court also has identified no federal private cause of action for consumer fraud.

[19] Kazi also argues that "the Report and Recommendation focuses on federal law instead of Nevada law." I find that the magistrate judge properly analyzed Kazi's complaint under federal procedural law and Nevada substantive law.

**Conclusion**

Because Kazi fails to plausibly state any viable claim and this is his second attempt at doing so, I find that any further amendment would be futile.[20] So I dismiss this case with prejudice and without leave to amend.

IT IS THEREFORE ORDERED that plaintiff's objections **[ECF No. 11] are OVERRULED**, the magistrate judge's recommendation **[ECF No. 10] is ADOPTED**, and **this case is DISMISSED with prejudice**.

The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

The court further finds that Kazi's *in forma pauperis* status should not continue on appeal because his claims are frivolous, and an appeal would not be taken in good faith.

                                                _____
U.S. District Judge Jennifer A. Dorsey
February 14, 2023

---

[20] 28 U.S.C. § 1915(e)(2)(B)(ii).